UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| QUINTERO HAYES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:16-cv-00410-JMS-MPB |
| ) | |
| DICK BROWN Superintendent, Wabash ) | |
| Valley Correctional Facility, ) | |
| ) | |
| Respondent. ) | |

**Entry Denying Petition for Writ of Habeas Corpus and Directing Entry of Final Judgment**

The petition of Quintero Hayes for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. WVS 16-05-0005. For the reasons explained in this Entry, Mr. Hayes's habeas petition must be **denied**.

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

On May 31, 2016, Officer Henning wrote a Conduct Report charging Mr. Hayes with possession of intoxicants. The Conduct Report states:

> At approximately 2255 hours on the above date, I c/o J. Henning was going to cell BE 204 with c/o D. Sievers to conduct a cell search. Offender Hayes, Quintero DOC # 239494 resides in cell BE 204. When we arrived at the cell door, we observed offender Hayes dumping three jars of what appeared to be, and smell like, intoxicants (hooch) into a cardboard box.

Filing No. 9-1 at 1.

Officer Sievers also submitted the following statement:

> At approximately 2255 hours I c/o D. Sievers and c/o J. Henning were doing a cell search on range 2 B-east at cell BE 204 where offender Hayes, Quintero 239494 resides. At the cell door we s[aw] Hayes, Quintero dump 3 jars of w[hat] appeared to be intoxicants into a cardboard box.

Filing No. 9-2 at 1.

Mr. Hayes was notified of the charge on June 1, 2016, when he received the Screening Report. He plead not guilty to the charge. Mr. Hayes requested that the inmate in the adjacent cell, Ray Wheatley (#239494), be called as a witness. Mr. Wheatley provided a witness statement, in which he wrote that he heard Officer Sievers say he did not witness what happened in Mr. Hayes's cell, but he signed a statement saying that he did.

A hearing was held on June 7, 2016. Mr. Hayes again stated that he was not guilty. Based on the evidence presented, the hearing officer found Mr. Hayes guilty of possessing intoxicants. The sanctions imposed included a ninety-day earned-credit-time deprivation.

Mr. Hayes appealed to Facility Head and the IDOC Final Reviewing Authority, but both of his appeals were denied. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### C. Analysis

Mr. Hayes purports to raise three claims in his habeas petition, but the first and third claims raise essentially the same issue. The Court will address this issue first, before turning to Mr. Hayes's second claim.

#### 1. *Sufficiency of the Evidence*

Mr. Hayes contends that there is insufficient evidence because he was misidentified. Specifically, he points out that the Conduct Report and other documents use his name but Mr. Wheatley's DOC number. Thus, he says, two different people—either he or Mr. Wheatley—could have been charged. Mr. Hayes is correct that the documents related to the disciplinary proceeding use his name but Mr. Wheatley's DOC number. Mr. Wheatley, as noted above, was housed in the cell next to Mr. Hayes. As discussed further below, Mr. Wheatley's number was subsequently crossed out and Mr. Hayes's number was written in. *See, e.g.*, Filing No. 9-1 at 1.

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

Even though the name and DOC number on the Conduct Report and other documents did not match, this fact alone, contrary to Mr. Hayes's position, does not mean that there was insufficient evidence to find him guilty. In the Conduct Report, Officer Henning states that he saw Mr. Hayes pouring intoxicants into a box, and the Conduct Report also properly identifies Mr. Hayes's cell number. Officer Sievers also stated that he saw Mr. Hayes. These reports, which identify Mr. Hayes by name and cell number, certainly constitute "'some evidence' logically supporting" the hearing officer's conclusion that it was indeed Mr. Hayes who possessed the intoxicants, and they demonstrate "that the result is not arbitrary." *Ellison*, 820 F.3d at 274. Put differently, although the evidence before the hearing officer must "point to the accused's guilt," *Lenea v. Lane*, 882 F.2d 1171, 1175 (7th Cir. 1989), the some-evidence standard "does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Hill*, 472 U.S. at 457. The evidence certainly supports the conclusion that Mr. Hayes's possessed intoxicants, which requires this Court to deny Mr. Hayes's sufficiency of the evidence challenge, even if the presence of the wrong DOC number on the documents does not entirely preclude the possibility of misidentification. Accordingly, the Court cannot grant Mr. Hayes relief on this claim.[1]

---

[1] In his reply brief, Mr. Hayes for the first time challenges whether the substance at issue was actually an intoxicant. He contends that the substance needed to undergo lab testing for there to be sufficient evidence that it was an intoxicant. Even assuming that this argument was timely and properly raised, it lacks merit. Chemical testing of a substance is unnecessary in the prison disciplinary context when there is evidence from the officer who confiscated the substance that, "based on his training and experience, he recognized the substance." *Ellison v. Zatecky*, 820 F.3d 271, 275 (7th Cir. 2016). Here, Officer Henning stated that the substance both appeared and smelled like an intoxicant, which constitutes sufficient evidence even in the absence of lab testing.

### 2. IDOC Policy Violation

Mr. Hayes's second claim is based on a purported violation of IDOC policy. He states that IDOC policy requires changes to documents—such as the change of the DOC number on the Conduct Report from Mr. Wheatley's to Mr. Hayes's—to be initialed by the employee making the change. Here, the changes were not initialed. But even if IDOC policy requires this, habeas relief cannot be granted based on a violation of IDOC policy.

Relief pursuant to § 2254 is available only on the ground that a prisoner "is being held in violation of federal law or the U.S. Constitution." *Caffey v. Butler*, 802 F.3d 884, 894 (7th Cir. 2015). Prison policies, regulations, or guidelines do not constitute federal law; instead, they are "primarily designed to guide correctional officials in the administration of a prison . . . not . . . to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Therefore, claims based on prison policy, such as the one at issue here, are not cognizable and do not form a basis for habeas relief. *See Keller v. Donahue*, 271 Fed. Appx. 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis*, 50 Fed. Appx. 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import—and nothing less warrants habeas corpus review."); *see also Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas review."). Accordingly, Mr. Hayes is not entitled to relief on this basis.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Hayes to the relief he seeks. Accordingly, Mr. Hayes's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 9/28/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

QUINTERO HAYES
213543
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Andrea Elizabeth Rahman
OFFICE OF THE INDIANA ATTORNEY GENERAL
andrea.rahman@atg.in.gov